# UNITED STATES DISTRICT COURT

District of New Jersey

---

THELMA B. AXELRAD and SHELDON AXELRAD,

    Plaintiffs

vs.

VITAS INNOVATIVE HOSPICE CARE,

    Defendant

Case Number: CV

**COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

---

Plaintiffs, complaining of the defendant herein, by their attorneys BARON & PAGLIUGHI, PLLC respectfully allege, upon information and belief, as follows:

## **PARTIES**

1. Plaintiffs, THELMA B. AXELRAD and SHELDON AXELRAD, are citizens of the State of New Jersey.

2. The defendant, VITAS INNOVATIVE HOSPICE CARE, is a corporation incorporated under the laws of the State of Florida with its principal place of business located at 100 South Biscayne Blvd., Suite 1500, Miami, Florida,

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## **COUNT I**

4.      That at all times hereinafter mentioned, defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees, owned a hospice care agency.

5.      That at all times hereinafter mentioned, defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees held itself out as a hospice care agency providing in-home hospice/nursing care and services for those persons with life-limiting illnesses, including the public in general and, to the plaintiff, THELMA B. AXELRAD in particular.

6.      That at all times hereinafter mentioned, defendant, VITAS INNOVATIVE HOSPICE CARE, used and employed various physicians, staff members, nurses, nurses aides and others who were employed, authorized, contracted, retained and/or permitted by defendant, VITAS INNOVATIVE HOSPICE CARE, to provide in-home hospice/nursing care and medical services and treatment and to perform all necessary and proper functions pertaining to any in-home hospice/nursing care to all persons cared for and treated by the aforementioned agency.

7.      Upon information and belief, that at all times herein mentioned, defendant, VITAS INNOVATIVE HOSPICE CARE, by its agents, servants, staff members, and/or employees, for a consideration, offered to render competent and adequate, in-home hospice/nursing services, care and attention to patients, and held itself out to be able to furnish adequate,

competent and proper in-home hospice/nursing services, treatment, care, services and personnel to patients.

8. That commencing on or about May 5, 2010, continuing to, on or about December 15, 2010, the plaintiff, THELMA B. AXELRAD, was a patient of, and under the care and treatment of defendant, VITAS INNOVATIVE HOSPICE CARE.

9. That commencing on or about May 5, 2010, continuing to, on or about December 15, 2010, the plaintiff, THELMA B. AXELRAD, was a patient of, and under the care and treatment of defendant, VITAS INNOVATIVE HOSPICE CARE, which provided in-home hospice/nursing care and services to the plaintiff, THELMA B. AXELRAD, at her home in an assisted living facility located at 51 N. Main Street, Boonton, New Jersey 07005.

10. That at all times hereinafter mentioned, the defendant, VITAS INNOVATIVE HOSPICE CARE, by its agents, servants, staff members, and/or employees, performed evaluations and/or assessments which revealed that the plaintiff, THELMA B. AXELRAD, had dementia and Multiple Sclerosis (MS) and was non-weight bearing requiring specific treatment during the aforesaid in-home hospice/nursing care and services which included assistance with transfers to and from bed to a wheelchair at all times; in that the assessments further revealed that the plaintiff's legs were numb and therefore non-ambulatory and totally dependant on the agency's staff members for all activities of daily living, including transfers.

11.     That on or about December 15, 2010, the defendant, VITAS INNOVATIVE HOSPICE CARE, hired, employed, sub-contracted an aide to provide in-home hospice care and services to the plaintiff; in that the said aide permitted, directed and allowed the plaintiff to stand up by herself in order to transfer to a wheelchair, which the aide knew or should have known that the plaintiff was clearly unable to do; in that the said aide permitted and allowed the plaintiff to transfer to a wheelchair without any assistance thereby causing the plaintiff to be violently precipitated to the ground, thereby sustaining serious, severe and permanent and disabling personal injuries, including, fracture injuries to her legs, knees, ankles and pain and suffering.

12.     That at all times hereinafter mentioned, defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees was negligent and careless in the evaluation, care, treatment, service and advice rendered to the plaintiff; in that defendant, VITAS INNOVATIVE HOSPICE CARE, by its agents, servants, staff members, and/or employees was negligent and committed malpractice in its failure to provide adequate and proper in-home nursing care, assistance, monitoring and treatment to the plaintiff, THELMA B. AXELRAD; in that the defendant was fully aware of the plaintiff's medical history in that she had dementia and Multiple Sclerosis (MS) and was non-weight bearing, non-ambulatory and confined to a wheelchair because of numbness to her lower extremities; in that the defendant was fully aware that as a result of the foregoing the plaintiff required specific treatment during the in-home hospice/nursing care and

services which included assistance with all transfers to and from bed to a wheel chair at all times; in that the defendant was fully aware of the plaintiff's limitations in that she could not take care of herself and that she had not ambulated in approximately six (6) years; in failing to provide the proper in-home hospice/nursing care and services and protection to the plaintiff on December 15, 2010; in failing to properly and adequately attend to, monitor, observe, safeguard and protect the plaintiff; in failing to provide proper precautions to prevent the patient from falling; in failing to provide a safe environment; in failing to maintain safety precautions; in failing to have a safety system in place to alert staff concerning the patient's risk for falling and her inability to transfer, ambulate and communicate properly; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures maintained by the defendant and its agents, servants, staff members, and/or employees; in failing to hire and adequately train competent personnel; and in otherwise being careless and negligent under the circumstances; in failing and neglecting to possess and exercise that degree of ability, skill, technique and professional knowledge required in the care, treatment and attendance of persons presenting themselves to said defendant for services and treatment; in failing to insure that the plaintiff received adequate protection; that as a consequence of the improper and contraindicated methods used and employed by defendant, its agents, servants, staff members, and/or employees in the care, and treatment of the plaintiff, the plaintiff suffered severe and serious permanent injuries, pain and suffering. Plaintiff also relies of the doctrine of res

ipsa loquitur but reserves the right to prove the defendant, its agents, servants, staff members, and/or employees were negligent as more particularly set forth herein.

13. That the medical care and services, evaluation and treatment rendered and afforded to the plaintiff, THELMA B. AXELRAD, by the defendant, VITAS INNOVATIVE HOSPICE CARE, by its agents, servants, staff members, and/or employees was careless and negligent and was rendered in a manner which departed from good and accepted medical care and practice, then and there existing, and constituted medical malpractice on the part of said defendant.

14. That the said occurrence and resulting injuries and complications suffered by the plaintiff were caused by reason of the carelessness, negligence and malpractice of the defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees as set forth above and with no fault or lack of care on the part of the plaintiff herein contributing thereto.

15. That by reason of the foregoing, the plaintiff sustained severe and serious personal injuries and complications; a severe shock to her nervous system and certain internal injuries and upon information and belief, some of these injuries are permanent; she has been confined to bed and home for some time; she necessarily received and will continue to receive hospital and medical care, attention, treatment and medicines in an endeavor to cure or heal herself of said injuries, as a result of which expenses were incurred and will continue

to be incurred and she has been compelled to suffer physical pain, mental anguish and emotional distress as a result thereof.

16. That by reason of the foregoing, plaintiff, THELMA B. AXELRAD, has been damaged in the amount of TWO ($2,000,000.00) MILLION DOLLARS and makes claim for said sum.

## COUNT II

17. Plaintiffs repeat, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 16 herein, together with the same force and effect as if the same were set forth more fully at length herein.

18. The defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees, who rendered in-home hospice/nursing care, treatment, services and advice to the plaintiff failed to properly and adequately advise the plaintiff of the risks, hazards and dangers inherent in the care and treatment rendered, failed to properly advise her of the alternatives thereto and failed to obtain her informed consent.

19. The defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees, negligently failed to disclose to the plaintiff such alternatives to the care and treatment rendered and the reasonable foreseeable risks and benefits involved as a reasonable in-home hospice/nursing care agency under the circumstances would have disclosed, in a manner permitting the plaintiff to make a knowledgeable evaluation.

20. That at no time the defendant, VITAS INNOVATIVE HOSPICE CARE, its agents, servants, staff members, and/or employees, ever advise the plaintiff, either orally or in writing of the possible risks and dangers or the possibility of permanent damage to the plaintiff's body, with regard to the care and treatment rendered to the plaintiff, or was the plaintiff ever advised that she may suffer significant and serious and permanent physical injuries and damages, and had the defendant, its agents, servants, staff members, and employees, informed or advised the plaintiff, of the possible risks involved, the plaintiff would not have been lulled into a false sense of security and would never have consented to the care and treatment rendered to the plaintiff, all of which resulted in permanent damages to the plaintiff herein.

21. Neither the plaintiff nor reasonably prudent persons in the plaintiff's position would have undergone the care and treatment or accepted the care and treatment rendered if said plaintiff had been fully and properly informed and would have sought other reasonable in-home hospice/nursing care.

22. The failure of the defendant to provide a proper informed consent is a proximate cause of the injuries and conditions for which recovery is sought.

23. As a result of the foregoing, the plaintiff was caused to sustain severe and serious and permanent physical injuries, mental anguish and loss of enjoyment of life and that she was caused and will be caused to

expend and become obligated to expend sums of money for medical services and related expenses on behalf of the plaintiff.

24. That by reason of the foregoing, plaintiff THELMA B. AXELRAD has been damaged in the amount of ONE ($1,000,000.00) MILLION DOLLARS and makes claim for said sum.

## COUNT III

25. Plaintiffs repeat, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 24 herein, together with the same force and effect as if the same were set forth more fully at length herein.

26. That at all times herein relevant, plaintiff, SHELDON AXELRAD, was and still is the lawful husband of the plaintiff, THELMA B. AXELRAD.

27. That by reason of the foregoing, plaintiff, SHELDON AXELRAD was caused to sustain the loss of the services, society and affection of the plaintiff, THELMA B. AXELRAD.

28. That by reason of the foregoing, plaintiff, SHELDON AXELRAD, has been damaged in the amount of TWO ($2,000,000.00) MILLION DOLLARS and makes claim for said sum.

**WHEREFORE**, plaintiff demands judgment against the defendant, VITAS INNOVATIVE HOSPICE CARE on Count I in the sum of TWO ($2,000,000.00) MILLION DOLLARS; on COUNT II in the sum of ONE ($1,000,000.00) MILLION DOLLARS; and on Count III in the sum of TWO

($2,000,000.00) MILLION DOLLARS; together with the costs and disbursements of this action.

Dated: Cold Spring Harbor, New York
August 15, 2011

Yours, etc.

BARON & PAGLIUGHI, ESQS.

_____
Peter D. Baron, Esq. (PB 8519)
Attorneys for Plaintiff
85 Main Street, Suite A
Cold Spring Harbor, NY 11724
(631) 367-7000

## CERTIFICATE OF MERIT

PETER D. BARON, Esq. an attorney admitted to practice law in the United States District Court, District of New Jersey, declares that I have reviewed the facts of the case and consulted with at least one physician who is licensed to practice medicine in this state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:  Cold Spring Harbor, New York
        August 15, 2011

_____
PETER D. BARON (PB 8519)